UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHAWN PITMAN, | ) | Civil Action No. 4:24-cv-7134-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JC PENNEY CORPORATION, INC. | ) | |
| and PENNEY OPCO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**I.      INTRODUCTION**

This action arises from Plaintiff's employment, though the identity of Plaintiff's employer is in dispute. Plaintiff alleges that Defendant JC Penney Corporation, Inc. (JC Penney Corporation) was his employer and named it as Defendant in this action, asserting causes of action for discrimination and hostile work environment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. In a separate Order filed herewith, the Court granted Penney OpCo, LLC's (OpCo) Motion to Intervene as a Defendant. Presently before the Court is Plaintiff's Motion for Default Judgment (ECF No. 10) against JC Penney Corporation. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC. This Report and Recommendation is entered for review by the District Judge.

**II.      PROCEDURAL HISTORY**

Plaintiff filed this action against JC Penney Corporation on December 9, 2024. On January 27, 2025, Plaintiff filed a Request for Entry of Default Judgment (ECF No. 5) along with an

1

Affidavit stating that JC Penney Corporation was served on December 10, 2024, and it had failed to file an answer or otherwise appear in this action. Plaintiff served the Request on the registered agent for service of process, CT Corporation System, and Glenn Morris, "Senior VP/General Counsel," at 6501 Legacy Drive, Plano, Texas. Certificate of Service (ECF No. 5-2). The Clerk's Office made an Entry of Default (ECF No. 6) on February 5, 2025. On May 12, 2025, Plaintiff filed the present Motion for Default Judgment against JC Penney Corporation. Counsel for Plaintiff represents that she "found a statement on the internet that Penney OpCo, LLC was doing business as JC Penney Corporation, Inc." and, thus, she sent a copy of the Motion for Default Judgment to OpCo at the same Plano, Texas address. Pl. Resp. to Mot. to Intervene p. 2 (ECF No. 17); Certificate of Service (ECF No. 10-5). On May 27, 2025, OpCo filed a Motion to Intervene as Defendant in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, Rule 24(b). Therein, OpCo argues that it, not JC Penney Corporation, was Plaintiff's employer. The Court granted the motion.

### III. DISCUSSION

Plaintiff moves for default judgment against JC Penney Corporation pursuant to Rule 55(b), Fed.R.Civ.P. However, because OpCo has now intervened as a Defendant in this action and its liability has not yet been resolved, the determination of whether default judgment is proper as to JC Penney Corporation must be made in light of Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872) and Rule 54(b), Fed.R.Civ.P. In Frow, the plaintiff alleged that fourteen defendants conspired to defraud him. After initial entry of default judgment against the nonappearing defendants, the trial court subsequently found in favor of the remaining defendants that no fraud had occurred. The Supreme Court found the result to be "unseemly and absurd." Id.

at 554. The Supreme Court reversed the result, noting,

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id.

> Rule 54(b), Fed.R.Civ.P., provides that
>
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Id.

"[A]lthough many jurisdictions have construed Frow to bar entry of default judgment against one of several defendants only if the theory of recovery is one for true joint and several liability, the Fourth Circuit has interpreted Frow more broadly." Jefferson v. Briner, Inc., 461 F.Supp.2d 430, 434-35 and n.6 (E.D.Va. 2006). In United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1962), one defendant answered while another did not. Id. at 943. The district court entered default judgment against the nonresponding party. Id. In holding the default

judgment against the nonresponding party to be premature, the Fourth Circuit held "[a]lthough Frow was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several." Id. at 944. The Hudson court also noted that Frow applies even when co-defendants are alleged to be "closely interrelated." Id. at 945.

> As noted by the district court for the Eastern District of Virginia,
>
> if Frow still stands for anything, it explicates a cautionary warning to the courts: logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment are to be avoided. Thus, the avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason for delay" within the meaning of Rule 54(b).

Jefferson, 461 F.Supp.2d at 434 (citing Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D.Va.2000)).

The Fourth Circuit recently reiterated its holding in Hudson that where "a defending party establishes that [a] plaintiff has no cause of action or present right of recovery, this defense generally inures also to the benefit of a defaulting defendant." AdvanFort Co. v. Zamil Offshore Servs. Co., 134 F.4th 760, 768 (4th Cir. 2025) (quoting Hudson, 374 F.2d at 945). The Fourth Circuit noted that it saw no reason not to apply the same principle to non-merits grounds for dismissal, such as forum non conveniens, the defense at issue in that case. Id. at 769.

Here, in accordance with Frow and pursuant to Rule 54(b), entering a default judgment against JC Penney Corporation would be premature. OpCo's intervention in this action raises questions regarding whether JC Penney is the proper defendant and whether this court is the proper forum to adjudicate Plaintiff's claims. Thus, just reason to delay an entry of judgment exists. The proper path on which to proceed with regard to JC Penney Corporation is to await a final ruling as

to OpCo before entering any judgment. As such, it is recommended that Plaintiff's Motion for Default Judgment be denied as premature.

IV.  **CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (ECF No. 10) be denied as premature.

                                                                    s/Thomas E. Rogers, III
                                                                  Thomas E. Rogers, III
                                                                  United States Magistrate Judge

January 6, 2026
Florence, South Carolina

5