IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shawn Pitman, | C/A No. 4:24-cv-7134-SAL-TER |
| Plaintiff, | |
| v. | **ORDER** |
| JC Penney Corporation, Inc., and Penney OpCo LLC, | |
| Defendants. | |

Plaintiff Shawn Pitman ("Plaintiff") filed this case alleging discrimination by his employer, Defendant JC Penney Corporation, Inc. ("JC Penney"). [ECF No. 1.] JC Penney is in default. *See* ECF No. 6. On May 12, 2025, Plaintiff moved for default judgment against JC Penney. [ECF No. 10.] On May 27, 2025, Penney OpCo LLC ("OpCo") moved to intervene, alleging it, not JC Penney, is Plaintiff's employer. [ECF No. 13.] Although Plaintiff opposed intervention, the magistrate judge assigned to this case granted the motion to intervene under Federal Rule of Civil Procedure 24(a)(2), adding OpCo as a defendant. [ECF No. 20.] That same day, the magistrate judge issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that Plaintiff's motion for default judgment against JC Penney be denied as premature. [ECF No. 23.] Plaintiff objects. [ECF No. 25.] Although styled as objections to the Report, Plaintiff's objections primarily challenge the magistrate judge's order granting OpCo's motion to intervene. *Id.* For the reasons that follow, the court adopts the Report and denies Plaintiff's motion for default judgment. The court also affirms the order granting OpCo's motion to intervene.

1

## LEGAL STANDARDS

**I.    Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life &*

*Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

## II.  Review of Non-Dispositive Orders by a Magistrate Judge

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). For such objections, district court's review is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Only if the decision of the magistrate judge is "clearly erroneous or contrary to law" may the district judge modify or set aside any portion of the decision. *Id.* "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

Plaintiff filed this action in December 2024, alleging causes of action for discrimination and hostile work environment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, against JC Penney. [ECF No. 1.] JC Penney is in default. [ECF No. 6.] Plaintiff moved for default judgment on May 12, 2025. [ECF No. 10.] According to Plaintiff,

> [His] attorney during research found a statement on the internet that Penney OpCo, LLC was doing business as JC Penney Corporation, Inc. and sent a copy of the Default Judgement to Penney OpCo, LLC at the same address JC Penney Corporation, Inc. . . . as a courtesy due to the failure of JC Penney Corporation, Inc. to respond to any service.

[ECF No. 17 at 2.] On May 27, 2025, OpCo moved to intervene, claiming it is Plaintiff's employer and, as such, should be a Defendant in this action. [ECF No. 13.] Plaintiff opposed the motion, which the magistrate judge ultimately granted. *See* ECF Nos. 17, 18, 20.

3

**I.    Default Judgment**

The court begins with Plaintiff's motion for default judgment against JC Penney. *See* ECF No. 23. As explained in the Report, entry of a default judgment against JC Penney is premature given OpCo's intervention, under longstanding Supreme Court and Fourth Circuit precedent. *Id.* (relying on *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872); *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942 (4th Cir. 1962)). Plaintiff's objections challenge the magistrate judge's allowance of OpCo's intervention. [ECF No. 25.] The court finds OpCo's intervention appropriate and agrees the motion for default judgment against JC Penney is premature.[1]

**II.    Motion to Intervene**

Regarding the motion to intervene, the relevant questions are whether the magistrate judge's order is clearly erroneous or contrary to law.

---

[1] Even if the motion was not premature, the court would dismiss it. A court has broad discretion in ruling on default and may: (1) conduct an accounting, (2) determine damages, (3) establish the truth of allegations by evidence, or (4) investigate any other relevant matter. *See* Fed. R. Civ. P. 55(b)(2); *see also United States v. Ragin*, 113 F.3d 1233 (4th Cir. 1997).

Plaintiff's motion is deficient in many respects. For instance, it does not specify the amount of damages he seeks. Instead, it states "[t]he Plaintiff is entitled to $ as evidenced by the Affidavit of Stephen Rice. *Exhibit C*." [ECF No. 10 at 3.] There is no specific dollar amount in the motion, only a dollar sign. *See also id.* ("Plaintiff is entitled to an award of Attorney's fees and Cost [sic] in the amount of $."). Additionally, Plaintiff's name is Shawn Pitman, not Stephen Rice. There is an affidavit from Plaintiff Shawn Pittman in which he avers simply "my damages for actual damages and emotional damages are $125,000." [ECF No. 10-3 at 1.] There is neither an itemization nor any explanation of how he arrived at that figure for these damages. Plaintiff's motion lacks sufficient information for the court to determine whether Plaintiff is entitled to default judgment and, if so, the appropriate damages. *See also* Local Civil Rule 7.05 (D.S.C.) (requiring every memorandum to contain "[a] concise summary of the nature of the case," "[a] concise statement of the facts that pertain to the matter before the court for ruling," "[t]he argument . . . with appropriate citations," and "[a]ny special content required by any federal or local civil rule governing the subject of the motion").

### A. Magistrate Judge's Order

The magistrate judge began with the relevant law—Fed. R. Civ. P. 24(a)(2), which allows intervention as a matter of right if the moving party shows "(1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." [ECF No. 20 at 4 (quoting *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981).] The magistrate judge noted the motion to intervene must also be timely. *Id.* In assessing timeliness, a court must consider (1) how far the suit has progressed, (2) any prejudice, and (3) why the movant was tardy. *Id.* (citing *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, 539 F. Supp. 3d 543, 553 (D.S.C. 2021)).

The magistrate judge found OpCo's motion timely, that the case has not progressed significantly, that the intervention would not prejudice Plaintiff, that OpCo has an interest in the subject matter of this action and that this interest is not adequately represented by JC Penney, which has not made an appearance. *Id.* at 4–7.

### B. Objections

Plaintiff offers eight numbered objections, which the court finds to be largely conclusory and rarely supported by either references to legal authority or evidence in the record.

First, Plaintiff states, "The Court should decline to follow the Report, the Report sets forth errors of law and a misinterpretation of fact. At all times the Plaintiff has worked at JC Penny [sic]." [ECF No. 25 at 4.] Plaintiff does not identify any specific errors of law or facts in the order, except that he has "[a]t all times . . . worked at JC Penny [sic]." The magistrate judge clearly stated that which entity employs Plaintiff remains in dispute. Indeed, the first sentence of his order states as much. [ECF No. 20 at 1.] Plaintiff's objection is overruled.

Plaintiff next states, "The Court failed to present the clear issues regarding the Defendant. The Court has chosen to present minimal facts and follow the Defendants' narrative in contradiction to the Rules of Civil Procedure." [ECF No. 25 at 4.] Again, Plaintiff offers no details nor any specific rule. This conclusory objection is overruled.

In his third objection, Plaintiff states,

> At no time despite being served as the corporate registered agent and served at the corporate headquarters which is the same headquarters for the intervening party the court has determined that the Plaintiff's Motion for Default Judgment is premature, and this matter should be addressed through the Intervening party's motion to compel arbitration.

[ECF No. 25 at 4.] This objection is unclear and provides no legal basis that the magistrate judge's order is either clearly erroneous or contrary to law.

Plaintiff next generally argues the magistrate judge erred in deciding OpCo could intervene. *Id.* He cites the requirements of Rule 24 and states that "[f]ailure to satisfy even one of these requirements is sufficient to warrant a denial of a motion to intervene as a matter of right." *Id.* (citing *NAACP v. New York*, 413 U.S. 345, 369 (1973)). But he again fails to offer details. He does not identify which of the Rule 24 requirements were not met. The magistrate judge's order, on the other hand, details each requirement for intervention and how OpCo met those requirements. The court overrules Plaintiff's objection.

In objection number five, Plaintiff states, "The Defendant cannot ignore service and then attempt to circumvent the system by claiming no service." *Id.* at 5. He points to no evidence that Defendant "ignored" service. If Plaintiff is referring to Defendant Opco, there is evidence in the record that OpCo filed its motion to intervene a week after learning of this matter. *See* ECF No. 20 at 5. As to Defendant JC Penney, who arguably has ignored service, it is not able to circumvent the system at this time. The default against JC Penney remains. This objection is overruled.

Plaintiff's sixth and seventh arguments are related. There, he argues, "The Court is committing an error as all the paperwork submitted by the Defendant regarding the motion to compel arbitration sets forth 'JC Penny [sic].'" [ECF No. 25 at 5.] Plaintiff continues, "the argument that they do not operate as JC Penney is a blatant misrepresentation." *Id.* He also notes, "The Agreement is not referred to as Penney OpCo's binding arbitration agreement but JC Penney's Binding Arbitration Agreement." *Id.* Again, Plaintiff provides no citations to the record. From the court's review, the arbitration agreement begins with "Penney OpCo LLC ("JCPenney") values associates as its most important resource . . . ." [ECF No. 13-1 at 14.] Even if the document is referred to elsewhere as JC Penney's agreement, Plaintiff fails to demonstrate how this materially impacts the magistrate judge's decision on OpCo's motion to intervene. These arguments seem more relevant to the separate question of which defendant is Plaintiff's employer. Plaintiff fails to show here that the magistrate judge's order allowing OpCo to intervene is either clearly erroneous or contrary to law.

Plaintiff concludes by stating the court erred "in allowing the Defendant to circumvent the Motion for Default and compel arbitration by misdirection." [ECF No. 25 at 5.] The court disagrees with that characterization. Again, JC Penney remains in default at this time, and the motion for default judgment is denied as premature. But the motion to compel arbitration remains pending with the magistrate judge.

## CONCLUSION

As outlined above, Plaintiff's objections, whether to the Report or the magistrate judge's order granting OpCo's intervention are overruled. The court **ADOPTS** the Report, ECF No. 23; **DENIES** Plaintiff's motion for default judgment, ECF No. 10; and **AFFIRMS** the order granting OpCo's motion to intervene.

This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

January 26, 2026　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　United States District Judge