IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shawn Pitman, | C/A No. 4:24-cv-7134-SAL-TER |
| Plaintiff, | |
| v. | **ORDER** |
| JC Penney Corporation, Inc., and Penney OpCo LLC, | |
| Defendants. | |

Plaintiff Shawn Pitman ("Plaintiff") filed this case alleging discrimination by his employer, Defendant JC Penney Corporation, Inc. ("JC Penney"). [ECF No. 1.] JC Penney is in default. *See* ECF No. 6. Subsequently, Penney OpCo LLC ("OpCo") moved to intervene, asserting it, not JC Penney, is Plaintiff's employer. [ECF No. 13.] The court granted that motion and added OpCo as a Defendant. *See* ECF No. 20. OpCo now moves to stay these proceedings and compel arbitration. [ECF No. 22.]

Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) recommending that the court grant OpCo's motion and stay this case pending arbitration. [ECF No. 28.] Plaintiff objects. [ECF No. 29.] For the reasons that follow, the court adopts the Report and grants OpCo's motion to stay and compel arbitration.

**LEGAL STANDARDS**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any

1

party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court to the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court is not required to give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

The Report thoroughly discusses the relevant facts and law, which the court incorporates here without full recitation. Briefly, the record shows that Plaintiff signed an Arbitration Agreement when he was hired. *See* ECF No. 28 at 1–2. While he now argues that his Arbitration Agreement is unenforceable, the magistrate judge considered and rejected Plaintiff's arguments and concluded that the case should be stayed pending arbitration. *Id.* at 1–11. This court agrees.

Plaintiff offers six numbered objections to the Report. His objections lack any citation to the record, his previous arguments, or the relevant law. They are largely conclusory and, at times, plainly contradicted by the record. Nevertheless, the court considers each of them below.

First, Plaintiff states, "The Court should decline to follow the Report, the Report sets forth errors of law and a misinterpretation of fact." [ECF No. 29 at 8.] He does not, however, identify any specific errors of law or facts in the Report. The lack of specificity is fatal to the objection. *See Elijah*, 66 F.4th at 460 ("Just as a complaint stating only 'I complain' states no claim, and objection stating only 'I object' preserves no issue for review." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).

Plaintiff next argues that, although OpCo has maintained it was not properly served because it is not JC Penney, "all documents produced to enforce the arbitration clause are with JC Penny [sic] not Opco." [ECF No. 29 at 8.] This is plainly contradicted by the record. The first page of Plaintiff's Arbitration Agreement identifies the parties as "Penney OpCo LLC ('JCPenney')" and the employee, and a footnote explains that "'JCPenney' refers to Penney OpCo LLC, and all of its direct and indirect subsidiaries, sister corporations, its parent corporation, Copper Retail JV LLC, and any agents, employees, or independent contractors employed by or associated with JCPenney." [ECF No. 22-2 at 2 n.1.] This objection is overruled.

In his third objection, Plaintiff states,

> The Court failed to consider the arbitration clause failing to set forth the requirements of arbitration clearly: In order to demand arbitration under this Agreement, you must deliver your demand, by mail or email, to: JCPenney Legal Department P.O. Box 10001 Dallas, TX 75301-1122 Attn: Docketing Clerk (972)431-113 (Fax) arbitration-sm@jcp.com: but only later states that the process is through AAA. The arbitration clause fails to set forth discovery and the process for discovery. Finally, the Agreement states that JCPenney can modify the agreement at any time and give 30 days' notice. One cannot state an agreement is binding and then state that they can modify the agreement at any time. The action of reserving the right to modify a binding agreement is unconscionable.

[ECF No. 29 at 8.] Plaintiff appears to have compressed several distinct arguments into a single objection, again without supporting evidentiary or legal authority. In any event, the Report thoroughly considers and rejects the issues he raises. For example, the Report explains that the

3

Arbitration Agreement incorporates the rules and procedures of the American Arbitration Association ("AAA"), directing employees to those rules on the AAA's website, which expressly provide for discovery. [ECF No. 28 at 8.] The magistrate judge further concludes that the Arbitration Agreement is mutually binding on both Plaintiff and OpCo and supported by sufficient consideration. *Id.* at 9. And although the Agreement allows OpCo to modify its terms, it also allows Plaintiff to opt out of any such modifications. *Id.*; *see also Finch v. Lowe's Home Centers, LLC*, No. 3:20-CV-02981-JMC, 2021 WL 2982863, at *5 (D.S.C. July 15, 2021). The Report is well-supported by references to the record and the applicable law. On de novo review, the court adopts the magistrate judge's reasoning. Plaintiff's third objection is overruled.

Plaintiff next objects on the bare assertion that "[t]he agreement further has the signature page separate from the actual agreement." [ECF No. 29 at 8.] To the extent he argues this renders the Agreement unenforceable, he offers no authority to support his position. *See also* ECF No. 24 at 8 (providing no legal support for his argument that "Defendant cannot claim enforceability on the Arbitration Clause, the contract has the agreement and the signature separate as to the type of signing"). In contrast, the Report details the evidence and law establishing that the Arbitration Agreement is enforceable. Plaintiff's fourth objection is overruled.

In his fifth objection, Plaintiff states, "The Court further failed to consider whether the Arbitration Agreement was a proper waiver. The Plaintiff was not informed of the agreement, given a copy or given the opportunity to review it with an attorney or anyone else for that matter." [ECF No. 29 at 9.] Plaintiff is mistaken. The Report expressly considered these arguments, summarizing the facts related to the distribution of the Agreement and Plaintiff's acceptance of it and rejecting his argument that the Agreement was not a proper waiver. *See* ECF No. 28 at 6–7. This objection is overruled.

Plaintiff finally objects because "[t]he Court failed to consider if the agreement was mutual and if the plaintiff had any control." [ECF No. 29 at 9.] Having reviewed the Report, the court disagrees. The magistrate judge thoroughly addressed Plaintiff's arguments that the Agreement was not enforceable and found neither unilateral nor lacking in consideration. [ECF No. 28 at 9.] He concluded that Plaintiff entered into a valid Arbitration Agreement with OpCo and that the claims raised in this action fall within those covered in the Agreement. For that reason, the magistrate judge recommends compelling arbitration and staying this matter. *Id.* at 10. The court agrees with the Report, overrules each of Plaintiff's objections, and grants OpCo's motion to stay and compel arbitration.

**CONCLUSION**

As outlined above, Plaintiff's objections are overruled. After de novo review, the court **ADOPTS** the Report, ECF No. 28, in its entirety. The court thus **GRANTS** Defendant OpCo's motion to stay this case and compel arbitration, ECF No. 22. This matter remains assigned to the magistrate judge during the stay, and the court leaves to the magistrate judge whether, and at what intervals, the parties should file status reports as to the progress of arbitration.

**IT IS SO ORDERED.**

June 29, 2026                                Sherri A. Lydon
Columbia, South Carolina              United States District Judge